UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY PAUL BARNARD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 04-100-B-W |
| | ) |
| MILLINOCKET POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

On June 14, 2004, Barnard filed a complaint naming as defendants the Maine State Police and the Maine Office of the Attorney General (Docket No. 1). The remaining State defendants have moved to dismiss the claim (Docket No. 34), claiming the Eleventh Amendment bars federal suits for monetary damages against a state or state agency and furthermore, the Maine State Police and the Maine Office of the Attorney General are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff has not responded to the motion. It is settled law that a state agency may not be sued for a violation of 42 U.S.C. § 1983, Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989). Furthermore, to the extent the amended complaint seeks to personally sue either the unnamed Chief of the Maine State Police or the Attorney General in some sort of supervisory capacity or under a theory of respondeat superior liability, the claim also fails. Supervisory liability under 42 U.S.C. § 1983 cannot be based solely upon a respondeat superior theory, Hegarty v. Somerset County, 53 F.3d 1367,1379 (1st Cir. 1995).

I recommend that the court **GRANT** the defendants' motion, and **DISMISS** the Maine State Police and the Maine Office of the Attorney General[1] from this action.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive ]memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated August 3, 2005

---

[1] Given the tortured pleading history of this case, it is unclear whether the Office of the Maine Attorney General is actually still a named party in this case. The caption treats that entity as a defendant and it was named in the original complaint. Barnard filed an amended complaint that apparently has become the operative pleading and it does not name the Office of the Attorney General. In any event, that entity should be dismissed finally from this action.